UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOEWE, S.A., | **Civil Case No.: 24-cv-8871 (GHW)** |
| *Plaintiff* | |
| v. | **1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** |
| BEIJING ONWARD FASHION CO., LTD., BURMINSA OFFICIAL STORE, C-BAG STORE, CHENGDU MEIBAILONG ELECTRONIC COMMERCE CO., LTD., DONGGUAN CAINAN CLOTHING CO., LTD., DONGGUAN DAFENG GARMENT CO., LTD, DONGGUAN HUMEN LIMENGLANG GARMENT FACTORY, DONGGUAN JIELI APPAREL CO., LTD., DONGGUAN WISRISE GARMENT CO., LTD., DONGGUAN XUANZHIGE APPAREL CO., LTD., DONGGUAN YSYS ORIGINAL DESIGN FASHION CO., LTD., DONGGUAN YUANTU INDUSTRIAL CO., LTD., DONGGUAN YUNXUN TECHNOLOGY CO., LTD., DONGYANG SHENGFENG CLOTHING CO., LTD, FUZHOU RELIABLE E-COMMERCE CO., LTD., GANSU FANXI TRADING CO., LTD., GREENFOREST STORE, GUANGZHOU BHL FASHION CO.,LTD, GUANGZHOU CHUANGYIMEI INDUSTRY AND TRADE CO., LTD., GUANGZHOU GUOXIN HARDWARE PRODUCTS CO., LTD., GUANGZHOU MINGSHEN JEWELRY CO., LTD., GUANGZHOU MINISSIMI LEATHER CO., LTD., GUANGZHOU NEW NICE JEWELRY CO.LTD, GUANGZHOU NUOWA E-COMMERCE CO., LTD., GUANGZHOU OUDINA CLOTHING CO., LTD., GUANGZHOU PHOENIX CLOTHING LIMITED COMPANY, GUANGZHOU QIAOYI CLOTHING CO., LTD., GUANGZHOU SENYISEN LEATHER GOODS FIRM, GUANGZHOU SHANHE CLOTHING CO., LTD, GUANGZHOU SUNNY(DAY) LEATHER GOODS CO., LTD., GUANGZHOU XIANGCHENG LEATHER CO., LTD., GUANGZHOU YAPAI LEATHER CO., LTD., GUANGZHOU YAZHI JEWELRY MANUFACTURER, GUANGZHOU YUTONG | **FILED UNDER SEAL** |

LEATHER GOODS CO. LTD, HAIFENG MEILONG
TOWN SHENGBAIRUI JEWELRY FACTORY,
HANGZHOU TONGSHENG FASHION CO., LTD.,
HANGZHOU YEYINGLONG E-COMMERCE CO.,
LTD., HEBEI THE BEST INFORMATION
TECHNOLOGY CONSULTING CO., LTD, HEFEI
ANGELS TRADE CO., LTD., HENAN JIHENG
TECHNOLOGY CO., LTD., HENGSHUI
JIANKANG TRADING CO., LTD., HUIXIAN
QIANGE CLOTHING CO., LTD., HUIZHOU QIAN
QIAN INDUSTRIAL CO., LTD., HUZHOU JINDOU
NETWORK TECHNOLOGY CO., LTD., JIANGYIN
DH GARMENTS CO., LTD., JIAXING HONGMING
TRADING CO., LTD., JIN XIDUN (XIAMEN)
INTERNATIONAL TRADE CO., LTD, JINJIANG
GONGXIA TRADING CO., LTD., MOGRA STORE,
OKAL LIGHT STORE, PEEQI BOUTIQUE
(DONGGUAN) CO,LTD, QINGDAO
YACHUANGMEIRUI ARTS & CRAFTS CO., LTD.,
QINGDAO YUJUNBAO HOUSEHOLD PRODUCTS
CO., LTD., QUZHOU CINDY IMPORT AND
EXPORT CO., LTD., SDFBK OFFICIAL STORE,
SHENZHEN BAOAN DISTRICT XINMEILI
JEWELRY STORE, SHENZHEN BEST LEATHER
HANDBAGS CO., LTD., SHENZHEN KEBIXIONG
CLOTHING CO., LTD., SHENZHEN SHENGMING
YUANYING TRADING CO., LTD., SHENZHEN
WADE CULTURE COMMUNICATION CO., LTD.,
SHOP1102571060 STORE, SHOP1102751879
STORE, SHOP1102753315 STORE,
SHOP1102771569 STORE, SHOP1102985036
STORE, SHOP1103356002 STORE,
SHOP1103477230 STORE, SHOP1103807226
STORE, SHOP1103949229 STORE,
SHOP912730081 STORE, TAIZHOU LUQIAO
FENGDAO TRADING CO., LTD., THE PEACH
BAG STORE, TOP LUXURY BAGS VIP STORE,
TRAFZA FIRST STORE, UNIZERA WM STORE
STORE, WUHAN MANTIAN XINGCHEN
TRADING CO., LTD., XIAMEN BOSKIMS
GARMENTS CO., LTD., XIAMEN DEYA GLOBAL
TRADE CO., LTD., XIAMEN JIAJIAMING
LEATHER GOODS CO., LTD., XIAMEN SKY
PIGEON NETWORK TECHNOLOGY CO., LTD.,
XIAMEN ZEYIXIN GARMENT CO., LTD., YIWU
HONGMAO TRADING CO., LTD., YIWU JINGZI

IMPORT & EXPORT CO., LTD., YIWU LIYI COMMODITY CO., LTD., YIWU OUZE CLOTHING CO., LTD., YIWU QIANHENG JEWELRY CO.,LTD, YIWU QIUDUN IMPORT & EXPORT CO., LTD., YIWU SHANMEI ARTS AND GIFTS CO., LTD., YIWU SHULONG E-COMMERCE FIRM, YIWU XINTING JEWELRY CO., LTD., YIWU YUDIAN CLOTHES CO., LTD., ZHANGZHOU CHANGTAI NAIMI ELECTRONIC COMMERCE CO., LTD. and ZHUJI CHENGNAN IMPORT AND EXPORT CO., LTD.,

*Defendants*

## GLOSSARY

| Term | Definition |
|------|-----------|
| **Plaintiff or Loewe** | Loewe, S.A. |
| **Defendants** | Beijing Onward Fashion Co., Ltd., Burminsa Official Store, C-BAG Store, Chengdu Meibailong Electronic Commerce Co., Ltd., Dongguan Cainan Clothing Co., Ltd., Dongguan Dafeng Garment Co., Ltd, Dongguan Humen Limenglang Garment Factory, Dongguan Jieli Apparel Co., Ltd., Dongguan Wisrise Garment Co., Ltd., Dongguan Xuanzhige Apparel Co., Ltd., Dongguan YSYS Original Design Fashion Co., Ltd., Dongguan Yuantu Industrial Co., Ltd., Dongguan Yunxun Technology Co., Ltd., Dongyang Shengfeng Clothing Co., Ltd, Fuzhou Reliable E-Commerce Co., Ltd., Gansu Fanxi Trading Co., Ltd., GREENFOREST Store, Guangzhou BHL Fashion Co.,ltd, Guangzhou Chuangyimei Industry And Trade Co., Ltd., Guangzhou Guoxin Hardware Products Co., Ltd., Guangzhou Mingshen Jewelry Co., Ltd., Guangzhou Minissimi Leather Co., Ltd., Guangzhou New Nice Jewelry Co.ltd, Guangzhou Nuowa E-Commerce Co., Ltd., Guangzhou Oudina Clothing Co., Ltd., Guangzhou Phoenix Clothing Limited Company, Guangzhou Qiaoyi Clothing Co., Ltd., Guangzhou Senyisen Leather Goods Firm, Guangzhou Shanhe Clothing Co., Ltd, Guangzhou Sunny(day) Leather Goods Co., Ltd., Guangzhou Xiangcheng Leather Co., Ltd., Guangzhou Yapai Leather Co., Ltd., Guangzhou Yazhi Jewelry Manufacturer, Guangzhou Yutong Leather Goods Co. Ltd, Haifeng Meilong Town Shengbairui Jewelry Factory, Hangzhou Tongsheng Fashion Co., Ltd., Hangzhou Yeyinglong E-Commerce Co., Ltd., Hebei The Best Information Technology Consulting Co., Ltd, Hefei Angels Trade Co., Ltd., Henan Jiheng Technology Co., Ltd., Hengshui Jiankang Trading Co., Ltd., Huixian Qiange Clothing Co., Ltd., Huizhou Qian Qian Industrial Co., Ltd., Huzhou Jindou Network Technology Co., Ltd., Jiangyin DH Garments Co., Ltd., Jiaxing Hongming Trading Co., Ltd., Jin Xidun (Xiamen) International Trade Co., Ltd, Jinjiang Gongxia Trading Co., Ltd., Mogra Store, Okal Light Store, Peeqi Boutique (Dongguan) Co,ltd, Qingdao Yachuangmeirui Arts & Crafts Co., Ltd., Qingdao Yujunbao Household Products Co., Ltd., Quzhou Cindy Import And Export Co., Ltd., SDFBK Official Store, Shenzhen Baoan District Xinmeili Jewelry Store, Shenzhen Best Leather Handbags Co., Ltd., Shenzhen Kebixiong Clothing Co., Ltd., Shenzhen Shengming Yuanying Trading Co., Ltd., Shenzhen Wade Culture Communication Co., Ltd., Shop1102571060 Store, Shop1102751879 Store, Shop1102753315 Store, Shop1102771569 Store, Shop1102985036 Store, |

| | |
|---|---|
| | Shop1103356002 Store, Shop1103477230 Store, Shop1103807226 Store, Shop1103949229 Store, Shop912730081 Store, Taizhou Luqiao Fengdao Trading Co., Ltd., The Peach Bag Store, Top Luxury Bags Vip Store, TRAFZA First Store, UNIZERA WM Store Store, Wuhan Mantian Xingchen Trading Co., Ltd., Xiamen Boskims Garments Co., Ltd., Xiamen Deya Global Trade Co., Ltd., Xiamen Jiajiaming Leather Goods Co., Ltd., Xiamen Sky Pigeon Network Technology Co., Ltd., Xiamen Zeyixin Garment Co., Ltd., Yiwu Hongmao Trading Co., Ltd., Yiwu Jingzi Import & Export Co., Ltd., Yiwu Liyi Commodity Co., Ltd., Yiwu Ouze Clothing Co., Ltd., YIWU QIANHENG JEWELRY CO.,LTD, Yiwu Qiudun Import & Export Co., Ltd., Yiwu Shanmei Arts And Gifts Co., Ltd., Yiwu Shulong E-Commerce Firm, Yiwu Xinting Jewelry Co., Ltd., Yiwu Yudian Clothes Co., Ltd., Zhangzhou Changtai Naimi Electronic Commerce Co., Ltd., and Zhuji Chengnan Import And Export Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's |

ii

| | Application |
|---|---|
| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Loewe Marks** | U.S. Trademark Registration Nos.: 1,328,409 for  for a variety of goods in Classes 18 and 25; 4,852,854 for  for a variety of goods in Class 25; 5,754,088 for  for a variety of goods in Classes 18 and 25; 5,946,699 for  for a variety of goods in Class 18 and 25; 4,693,808 for  for a variety of goods in Class 14; 5,343,342 for  for a variety of goods in Class 24; 5,999,318 for  for a variety of goods in Class 3; 5,047,314 for  for a variety of goods in Classes 3, 9, 14, 18 and 25e; 4,036,941 for  a variety of goods in Class 3; 6,458,330 for  for a variety of goods |

| | |
|---|---|
| | in Classes 3 and 4; 6,235,345 for **LOEWE AURA** for a variety of goods in Class 3; 2,655,473 for [design mark] for a variety of goods in Class 9; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 5,332,346 for "CASA LOEWE" for a variety of goods in Class 35; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 5,477,594 for "LOEWE" for a variety of goods in Class 24; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3 |
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products in packaging and/or with labeling bearing the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products that are identical or confusingly similar to the Loewe Products, and/or products using or identical to the Loewe Design |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate |

| | storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), AUS Merchant Services, Inc. and Alipay Merchant Services Pte. Ltd. ("Alipay"); PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1]  A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Nicolas Lambert and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## <u>FACTUAL FINDINGS & CONCLUSIONS OF LAW</u>

1.      Plaintiff is likely to prevail on its Lanham Act and Patent Act claims at trial.

2.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

  a.  Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Loewe Marks and/or Loewe Design;

  b.  Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reputation and goodwill; and that Plaintiff may suffer loss of sales for the Loewe Products; and

c.   Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Loewe Marks and/or Loewe Design, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Loewe Marks and/or Loewe Design, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of its ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Loewe Marks and/or Loewe Design and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

3.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Loewe Marks and Loewe Design and to its reputations if a temporary restraining order is not issued.

2

4.    Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Loewe Marks and Loewe Design, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Loewe Products.

5.    Plaintiff has not publicized its request for a temporary restraining order in any way.

6.    Good cause supports service via electronic means under Federal Rule of Civil Procedure 4(f)(3). That rule provides for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Although Defendants are believed to be in China, which is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), the urgency exception in Article 15 of the Hague Convention allows email service on Defendants. Article 15 of the Hague Convention states that"[n]otwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures." Hague Convention art. 15. Courts have interpreted this provision to allow for alternative service in cases of urgency. *See e.g., D Squared Plant Traps LLC v. Guangdong Bixing Trading Co., LTD.,* No. 23- CV-1907, 2024 WL 503628, at *3 (W.D. Pa. Feb. 8, 2024) ("Those provisional or protective measures include alternative methods of se1vice.") (internal quotations omitted); *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.,* 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) (same). The Court recognizes that China has objected to email service under Articles 8-10 of the Hague Convention. But because the exception empowers the Court to order provisional relief "[n]otwithstanding the provisions of the preceding paragraphs," which include Articles 8-10, it allows email se1vice on Defendants regardless. *See Footprint Int'!, LLC v. Footprint Asia Ltd.,* No. CV-24-00093-PHX-DGC, 2024 WL 1556347, at *4 (D. Ariz. Apr. 9, 2024) ("The parties

disagree on whether service by e-mail is appropriate on a China-based defendant given that China has expressly objected to Article 10 of the Hague Convention . . . . But service was authorized under an exception to the Convention, which necessarily meant the formalities of the Convention did not apply, including any limitation on e-mail service . . . . "); *D Squared Plant Traps LLC,* 2024 WL 503628, at \*3 (noting that because "China has objected, among other things, to service via postal channels the alternative service methods included in Article 10 of the Convention are precluded" except in a "case of urgency"). Plaintiff has shown that this is a case of urgency such that the exception applies. Courts have held that "urgency exists when a plaintiff will suffer irreparable harm in the time it would take to se1ve the defendant under the Convention." *Footprint lnt'l, LLC,* 2024 WL 1556347, at \*3 (collecting cases). Here, Plaintiff has shown that it faces irreparable harm from Defendants' ongoing infringing activities. *See WeWork Cos. v. WePlus (Shanghai) Tech. Co.,* No. 5:18-CV-04543, 2019 WL 8810350, (N.D. Cal. Jan. 10, 2019) (holding that the exception applied because irreparable harm would result from defendants' alleged infringing use of the plaintiff's trademarks and attempts to deceive consumers as to whether defendant was a partner of the plaintiff). Plaintiff also represented that many of counsel's attempts to serve similar defendants in similar cases in the manner prescribed by the Hague Convention— that is, through China's Central Authority—have been unsuccessful, and that any attempt to serve Defendants in this manner would take longer than six months. Therefore, alternative service is warranted under Rule 4(f)(3).

       7.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

       8.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products

or other goods infringing the Loewe Marks and/or Loewe Design. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

9.      Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.      Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs 8-9 below, which shall apply worldwide) pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph II(A)** below:

1)  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Loewe Design and/or Loewe Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of Loewe Marks;

2)  operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

3)  directly or indirectly infringing in any manner Plaintiff's Loewe Marks and/or Loewe Design;

4)  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Loewe Marks to identify any goods or service not authorized by Plaintiff;

5)  using Plaintiff's Loewe Marks and/or any other marks that are confusingly similar to the Loewe Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

6)  making, using, selling, importing and/or offering to sell products that infringe the Loewe Design;

7)  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin,

sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

8)      secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

9)      effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

10)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(9) above and I(B)(1) and I(C)(1) below.

B.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging

in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph II(A)** below:

1)  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Plaintiff's Application for a preliminary injunction as referenced in **Paragraph II(A)** below:

1)  Within five (5) days of receipt of service of this order, operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

2)  instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(9), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom 12C of the United States District Court for the Southern District of New York at 500 Pearl Street, New

8

York, New York on December 4, 2024 at 4:00 p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before November 27, 2024.  Plaintiff shall file any Reply papers on or before December, 2, 2024.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.    Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

## IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)      delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and AliExpress pursuant to **Paragraph V(C)**.

B.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

2) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

3) delivery of: (i) a PDF copy of this Order, and (iii) a link to a secure website where AliPay will be able to download a PDF copy of this Order via electronic mail to us_ipr_tro_requests@alipay.com;

4) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

5) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

6) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

## V.     <u>Order Authorizing Expedited Discovery</u>

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)     Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall

provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

2)   Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a.  account numbers;

   b.  current account balances;

   c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

13

1)    Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

   b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

   c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   d.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale and/or selling of Counterfeit Products, or any other products using the Loewe Design and/or

14

bearing the Loewe Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Loewe Marks.

## VI.    Security Bond

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of ten thousand Dollars ($10,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Nicolas Lambert and Gabriela N. Nastasi in support thereof and exhibits attached thereto, and this Order shall remain sealed until December 2, 2024.  Any application to extend the period during which those documents remain under seal must be submitted to the Court in writing no later than November 27, 2024.

**SO ORDERED.**

SIGNED this 22d  day of November, 2024, at 6:18 p.m.

HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

15