USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOEWE, S.A.,

*Plaintiff*

v.

BEIJING ONWARD FASHION CO., LTD., BURMINSA OFFICIAL STORE, C-BAG STORE, CHENGDU MEIBAILONG ELECTRONIC COMMERCE CO., LTD., DONGGUAN CAINAN CLOTHING CO., LTD., DONGGUAN DAFENG GARMENT CO., LTD, DONGGUAN HUMEN LIMENGLANG GARMENT FACTORY, DONGGUAN JIELI APPAREL CO., LTD., DONGGUAN WISRISE GARMENT CO., LTD., DONGGUAN XUANZHIGE APPAREL CO., LTD., DONGGUAN YSYS ORIGINAL DESIGN FASHION CO., LTD., DONGGUAN YUANTU INDUSTRIAL CO., LTD., DONGGUAN YUNXUN TECHNOLOGY CO., LTD., DONGYANG SHENGFENG CLOTHING CO., LTD, FUZHOU RELIABLE E-COMMERCE CO., LTD., GANSU FANXI TRADING CO., LTD., GREENFOREST STORE, GUANGZHOU BHL FASHION CO.,LTD, GUANGZHOU CHUANGYIMEI INDUSTRY AND TRADE CO., LTD., GUANGZHOU GUOXIN HARDWARE PRODUCTS CO., LTD., GUANGZHOU MINGSHEN JEWELRY CO., LTD., GUANGZHOU MINISSIMI LEATHER CO., LTD., GUANGZHOU NEW NICE JEWELRY CO.LTD, GUANGZHOU NUOWA E-COMMERCE CO., LTD., GUANGZHOU OUDINA CLOTHING CO., LTD., GUANGZHOU PHOENIX CLOTHING LIMITED COMPANY, GUANGZHOU QIAOYI CLOTHING CO., LTD., GUANGZHOU SENYISEN LEATHER GOODS FIRM, GUANGZHOU SHANHE CLOTHING CO., LTD, GUANGZHOU SUNNY(DAY) LEATHER GOODS CO., LTD., GUANGZHOU XIANGCHENG LEATHER CO., LTD., GUANGZHOU YAPAI LEATHER CO., LTD., GUANGZHOU YAZHI JEWELRY MANUFACTURER, GUANGZHOU YUTONG

CIVIL ACTION NO.
24-cv-8871 (GHW)


PRELIMINARY
INJUNCTION ORDER

LEATHER GOODS CO. LTD, HAIFENG MEILONG TOWN SHENGBAIRUI JEWELRY FACTORY, HANGZHOU TONGSHENG FASHION CO., LTD., HANGZHOU YEYINGLONG E-COMMERCE CO., LTD., HEBEI THE BEST INFORMATION TECHNOLOGY CONSULTING CO., LTD, HEFEI ANGELS TRADE CO., LTD., HENAN JIHENG TECHNOLOGY CO., LTD., HENGSHUI JIANKANG TRADING CO., LTD., HUIXIAN QIANGE CLOTHING CO., LTD., HUIZHOU QIAN QIAN INDUSTRIAL CO., LTD., HUZHOU JINDOU NETWORK TECHNOLOGY CO., LTD., JIANGYIN DH GARMENTS CO., LTD., JIAXING HONGMING TRADING CO., LTD., JIN XIDUN (XIAMEN) INTERNATIONAL TRADE CO., LTD, JINJIANG GONGXIA TRADING CO., LTD., MOGRA STORE, OKAL LIGHT STORE, PEEQI BOUTIQUE (DONGGUAN) CO,LTD, QINGDAO YACHUANGMEIRUI ARTS & CRAFTS CO., LTD., QINGDAO YUJUNBAO HOUSEHOLD PRODUCTS CO., LTD., QUZHOU CINDY IMPORT AND EXPORT CO., LTD., SDFBK OFFICIAL STORE, SHENZHEN BAOAN DISTRICT XINMEILI JEWELRY STORE, SHENZHEN BEST LEATHER HANDBAGS CO., LTD., SHENZHEN KEBIXIONG CLOTHING CO., LTD., SHENZHEN SHENGMING YUANYING TRADING CO., LTD., SHENZHEN WADE CULTURE COMMUNICATION CO., LTD., SHOP1102571060 STORE, SHOP1102751879 STORE, SHOP1102753315 STORE, SHOP1102771569 STORE, SHOP1102985036 STORE, SHOP1103356002 STORE, SHOP1103477230 STORE, SHOP1103807226 STORE, SHOP1103949229 STORE, SHOP912730081 STORE, TAIZHOU LUQIAO FENGDAO TRADING CO., LTD., THE PEACH BAG STORE, TOP LUXURY BAGS VIP STORE, TRAFZA FIRST STORE, UNIZERA WM STORE STORE, WUHAN MANTIAN XINGCHEN TRADING CO., LTD., XIAMEN BOSKIMS GARMENTS CO., LTD., XIAMEN DEYA GLOBAL TRADE CO., LTD., XIAMEN JIAJIAMING LEATHER GOODS CO., LTD., XIAMEN SKY PIGEON NETWORK TECHNOLOGY CO., LTD., XIAMEN ZEYIXIN GARMENT CO., LTD., YIWU HONGMAO TRADING CO., LTD., YIWU JINGZI

IMPORT & EXPORT CO., LTD., YIWU LIYI COMMODITY CO., LTD., YIWU OUZE CLOTHING CO., LTD., YIWU QIANHENG JEWELRY CO.,LTD, YIWU QIUDUN IMPORT & EXPORT CO., LTD., YIWU SHANMEI ARTS AND GIFTS CO., LTD., YIWU SHULONG E-COMMERCE FIRM, YIWU XINTING JEWELRY CO., LTD., YIWU YUDIAN CLOTHES CO., LTD., ZHANGZHOU CHANGTAI NAIMI ELECTRONIC COMMERCE CO., LTD. and ZHUJI CHENGNAN IMPORT AND EXPORT CO., LTD.,

*Defendants*

## GLOSSARY

| Term | Definition |
|------|------------|
| **Plaintiff or Loewe** | Loewe, S.A. |
| **Defendants** | Beijing Onward Fashion Co., Ltd., Burminsa Official Store, C-BAG Store, Chengdu Meibailong Electronic Commerce Co., Ltd., Dongguan Cainan Clothing Co., Ltd., Dongguan Dafeng Garment Co., Ltd, Dongguan Humen Limenglang Garment Factory, Dongguan Jieli Apparel Co., Ltd., Dongguan Wisrise Garment Co., Ltd., Dongguan Xuanzhige Apparel Co., Ltd., Dongguan YSYS Original Design Fashion Co., Ltd., Dongguan Yuantu Industrial Co., Ltd., Dongguan Yunxun Technology Co., Ltd., Dongyang Shengfeng Clothing Co., Ltd, Fuzhou Reliable E-Commerce Co., Ltd., Gansu Fanxi Trading Co., Ltd., GREENFOREST Store, Guangzhou BHL Fashion Co.,ltd, Guangzhou Chuangyimei Industry And Trade Co., Ltd., Guangzhou Guoxin Hardware Products Co., Ltd., Guangzhou Mingshen Jewelry Co., Ltd., Guangzhou Minissimi Leather Co., Ltd., Guangzhou New Nice Jewelry Co.ltd, Guangzhou Oudina Clothing Co., Ltd., Guangzhou Phoenix Clothing Limited Company, Guangzhou Senyisen Leather Goods Firm, Guangzhou Shanhe Clothing Co., Ltd, Guangzhou Sunny(day) Leather Goods Co., Ltd., Guangzhou Xiangcheng Leather Co., Ltd., Guangzhou Yapai Leather Co., Ltd., Guangzhou Yazhi Jewelry Manufacturer, Guangzhou Yutong Leather Goods Co. Ltd, Haifeng Meilong Town Shengbairui Jewelry Factory, Hangzhou Tongsheng Fashion Co., Ltd., Hangzhou Yeyinglong E-Commerce Co., Ltd., Hebei The Best Information Technology Consulting Co., Ltd, Hefei Angels Trade Co., Ltd., Henan Jiheng Technology Co., Ltd., Hengshui Jiankang Trading Co., Ltd., Huixian Qiange Clothing Co., Ltd., Huizhou Qian Qian Industrial Co., Ltd., Huzhou Jindou Network Technology Co., Ltd., Jiangyin DH Garments Co., Ltd., Jiaxing Hongming Trading Co., Ltd., Jin Xidun (Xiamen) International Trade Co., Ltd, Jinjiang Gongxia Trading Co., Ltd., Mogra Store, Okal Light Store, Peeqi Boutique (Dongguan) Co,ltd, Qingdao Yachuangmeirui Arts & Crafts Co., Ltd., Qingdao Yujunbao Household Products Co., Ltd., Quzhou Cindy Import And Export Co., Ltd., SDFBK Official Store, Shenzhen Baoan District Xinmeili Jewelry Store, Shenzhen Best Leather Handbags Co., Ltd., Shenzhen Kebixiong Clothing Co., Ltd., Shenzhen Wade Culture Communication Co., Ltd., Shop1102571060 Store, Shop1102751879 Store, Shop1102753315 Store, Shop1102771569 Store, Shop1102985036 Store, Shop1103356002 Store, |

| | |
|---|---|
| | Shop1103477230 Store, Shop1103807226 Store, Shop1103949229 Store, Shop912730081 Store, Taizhou Luqiao Fengdao Trading Co., Ltd., The Peach Bag Store, Top Luxury Bags Vip Store, TRAFZA First Store, UNIZERA WM Store Store, Wuhan Mantian Xingchen Trading Co., Ltd., Xiamen Boskims Garments Co., Ltd., Xiamen Deya Global Trade Co., Ltd., Xiamen Jiajiaming Leather Goods Co., Ltd., Xiamen Sky Pigeon Network Technology Co., Ltd., Yiwu Hongmao Trading Co., Ltd., Yiwu Jingzi Import & Export Co., Ltd., Yiwu Liyi Commodity Co., Ltd., Yiwu Ouze Clothing Co., Ltd., YIWU QIANHENG JEWELRY CO.,LTD, Yiwu Qiudun Import & Export Co., Ltd., Yiwu Shanmei Arts And Gifts Co., Ltd., Yiwu Shulong E-Commerce Firm, Yiwu Xinting Jewelry Co., Ltd., Yiwu Yudian Clothes Co., Ltd., Zhangzhou Changtai Naimi Electronic Commerce Co., Ltd., and Zhuji Chengnan Import And Export Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Lambert Dec.** | Declaration of Nicholas Lambert in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |

| **Loewe Products** | Luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| --- | --- |
| **Loewe Marks** | U.S. Trademark Registration Nos.: 1,328,409 for  for a variety of goods in Classes 18 and 25; 4,852,854 for  for a variety of goods in Class 25; 5,754,088 for  for a variety of goods in Classes 18 and 25; 5,946,699 for  for a variety of goods in Class 18 and 25; 4,693,808 for  for a variety of goods in Class 14; 5,343,342 for  for a variety of goods in Class 24; 5,999,318 for  for a variety of goods in Class 3; 5,047,314 for  for a variety of goods in Classes 3, 9, 14, 18 and 25e; 4,036,941 for  a variety of goods in Class 3; 6,458,330 for  for a variety of goods in Classes 3 and 4; 6,235,345 for  for a variety |

of goods in Class 3; 2,655,473 for ⬡ for a variety of goods in Class 9; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 2,079,138 for "ESENCIA LOEWE" for a variety of goods in Class 3; 2,099,086 for "AIRE LOEWE" for a variety of goods in Class 3; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; 2,770,759 for "LOEWE" for a variety of goods in Class 25; 3,021,208 for "SOLO LOEWE" for a variety of goods in Class 3; 5,332,346 for "CASA LOEWE" for a variety of goods in Class 35; 1,513,278 for "LOEWE" for a variety of goods in Class 3 and 14; 6,458,158 for "LOEWE HONESTY" for a variety of goods in Class 3; 6,274,715 for "LOEWE" for a variety of goods in Class 9; 4,152,315 for "AURA LOEWE" for a variety of goods in Class 3; 5,477,594 for "LOEWE" for a variety of goods in Class 24; 6,458,331 for "LOEWE" for a variety of goods in Classes 3 and 4; 4,801,597 for "LOEWE" for a variety of goods in Class 35; 7,349,718 for "LOEWE AIRE" for a variety of goods in Class 3; 4,948,683 for "LOEWE 001" for a variety of goods in Class 3; 7,349,717 for "LOEWE SOLO" for a variety of goods in Class 3; 7,349,719 for "LOEWE 7" for a variety of goods in Class 3; 2,698,284 for "LOEWE" for a variety of goods in Class 9; 6,647,043 for "PAULA'S IBIZA" for a variety of goods in Classes 18, 24 and 25; and 4,906,598 for "ECLECTIC" a variety of goods in Class 3

| | |
|---|---|
| **Loewe Design** | U.S. Design Patent No. D774,299 entitled "Handbag" |
| **Counterfeit Products** | Products bearing or used in connection with the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products in packaging and/or with labeling bearing the Loewe Marks and/or marks that are confusingly similar to the Loewe Marks, and/or products that are identical or confusingly similar to the Loewe Products, and/or products using or identical to the Loewe Design |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or |

| | otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), AUS Merchant Services, Inc. and Alipay Merchant Services Pte. Ltd. ("Alipay"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on November 21, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on November 22, 2024 ("TRO") which ordered Defendants to appear on December 4, 2024 at 4:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on November 25, 2024, Plaintiff filed a request to modify the briefing schedule, including the date of the Show Cause Hearing, and to extend the TRO until the new date of the Show Cause Hearing;

WHEREAS, on the same day, November 25, 2024, the Court granted Plaintiff's request and adjourned the Show Cause Hearing until January 9, 2025, at 2:00 p.m. ("November 25, 2024 Order");

WHEREAS, on December 16, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the November 25, 2024 Order on each and every Defendant, except Defendants Dongguan Yunxun Technology Co., Ltd., Guangzhou Nuowa E-Commerce Co., Ltd., Guangzhou Qiaoyi Clothing Co., Ltd., Hengshui Jiankang Trading Co., Ltd., Shenzhen Shengming Yuanying Trading Co., Ltd., Xiamen Zeyixin Garment Co., Ltd. and Yiwu Qiudun Import & Export Co., Ltd.

WHEREAS, on December 19, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support

1

of the Application and the November 25, 2024 Order on Defendants Dongguan Yunxun Technology Co., Ltd., Hengshui Jiankang Trading Co., Ltd., and Yiwu Qiudun Import & Export Co., Ltd.

WHEREAS, on January 3, 2025, the Court entered an Order adjourning the Show Cause Hearing until January 10, 2025 at 3:00 p.m. ("January 3, 2025 Order");

WHEREAS, on the same day, January 3, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the January 3, 2025 Order on each and every Defendant, except Defendants Guangzhou Nuowa E-Commerce Co., Ltd., Guangzhou Qiaoyi Clothing Co., Ltd., Shenzhen Shengming Yuanying Trading Co., Ltd. and Xiamen Zeyixin Garment Co., Ltd.;

WHEREAS, on January 10, 2025 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.      Plaintiff is likely to prevail on its Lanham Act, Patent Act and related common law claims at trial.

B.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

   a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Loewe Marks and/or Loewe Design; and

   b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's

reputation and goodwill; and that Plaintiff may suffer loss of sales for the Loewe Products.

C.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Loewe Marks and Loewe Design and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D.    Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Loewe Marks and Loewe Design, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Loewe Products.

## ORDER

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a)  Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Loewe Design and/or Loewe Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Loewe

Marks;

   ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

  iii. directly or indirectly infringing in any manner Plaintiff's Loewe Marks and/or Loewe Design;

  iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Loewe Marks to identify any goods or service not authorized by Plaintiff;

   v. using Plaintiff's Loewe Marks and/or any other marks that are confusingly similar to the Loewe Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

  vi. making, using, selling, importing and/or offering to sell products that infringe the Loewe Design;

 vii. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

4

Defendants' commercial activities and Plaintiff;

    viii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    ix.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    x.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(ix) above and I(b)(i) and I(c)(i) below.

b)  Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

         i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c)  Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

         i.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

       ii.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i.   account numbers;

  ii.   current account balances;

 iii.   any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

  iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.   any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show

the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit

8

Products, or any other products using the Loewe Design and/or bearing the Loewe Marks and/or marks that are confusingly similar to, identical to and constitute infringement of the Loewe Marks.

3. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants for purposes of this Order.

4. As sufficient cause has been shown, Plaintiff may notify the Third Party Service Providers and Financial Institutions of this Order by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

   b) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   c) delivery of: (i) a PDF copy of this Order, and (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to us_ipr_tro_requests@alipay.com;

   d) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

   e) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order

via electronic mail to legal-int@pingpongx.com; and

    f)  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

5.  Service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by regular service.

6.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7.  The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __10th__ day of ___January___, 2025, at _6:04 p.m.
New York, New York

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE